UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHERINE SENEGAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-544-JWD-RLB** |
| **TODD ANDERSON, ET AL.** | |

### ORDER

Before the Court is Plaintiff's Motion to Compel Discovery Responses, Deposition of Defendant Anderson and Corporate Deposition of Ryder Truck Rental, Inc. ("Motion to Compel). (R. Doc. 10). The motion is opposed.

**I.    Background**

On or about May 8, 2020, Sherine Senegal ("Plaintiff") filed the instant personal injury action involving a motor vehicle collision in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Todd Anderson, Ryder Integrated Logistics, Inc. ("Ryder"),[1] and Old Republic Insurance Company (collectively, "Defendants"). (R. Doc. 1-1). Plaintiff alleges that Mr. Anderson, while operating a 2015 Freight Truck owned by Ryder, rear-ended her vehicle. (R. Doc. 1-1 at 2).

On July 31, 2020, while the action was still pending in state court, Plaintiff served Interrogatories and Requests for Production of Documents on Defendants in accordance with the Louisiana Code of Civil Procedure. (R. Doc. 10-3).

On August 20, 2020, Defendants removed the action by filing a Notice of Removal. (R. Doc. 1).

---

[1] The parties appear to use the names Ryder Truck Rental, Inc. and Ryder Integrated Logistics, Inc interchangeably. (*See* R. Doc. 5). The Court takes no position regarding whether Ryder Truck Rental, Inc. is the same corporate entity as the named defendant, Ryder Integrated Logistics, Inc. For the sake of simplicity, however, the Court will shorten both corporate names to Ryder for the purposes of this Order.

Plaintiff represents that the parties held a telephone conference on January 18, 2021, in which Defendants agreed to provide responses to the discovery requests issued in state court by January 29, 2021. (R. Doc. 10-1 at 1; R. Doc. 10-4 at 2). It appears that the parties also discussed the scheduling of the deposition to Mr. Anderson at this time. (R. Doc. 10-4 at 3).

On July 30, 2021, the deadline to complete non-expert discovery, Plaintiff filed the instant Motion to Compel in the late evening. (R. Doc. 10). Plaintiff seeks an order compelling responses to the written discovery requests served in state court and for Mr. Anderson and Ryder to appear at depositions. Plaintiff attaches to the motion an unsigned and undated draft Rule 30(b)(6) deposition notice for "Ryder Truck Rental, Inc" that provides no date, time, or location for the sought deposition. (R. Doc. 10-5).

On August 16, 2021, Defendants filed a "Stipulation" into the record providing, among other things, that "Todd Anderson's negligence was the sole cause of the motor vehicle accident" and, at the time of the incident, Mr. Anderson "was working in the course and scope of his employment with Ryder Integrated Logistics, Inc." (R. Doc. 11).

Defendants argue that the Motion to Compel should be denied because Plaintiff's written discovery requests do not comply with the Federal Rules of Civil Procedure and Defendants provided responses on August 3, 2021 (R. Doc. 12-3), the depositions sought are not relevant in light of Defendants' stipulation with respect to liability, and Plaintiff did not seek the Rule 30(b)(6) deposition of Ryder prior to filing the Motion to Compel. (R. Doc. 12).

**II.    Law and Analysis**

    **A.    The Interrogatories and Requests for Production**

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from state court." Fed. R. Civ. P. 81(c)(1). In federal court, discovery generally cannot commence

until the "parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Where discovery issued in state court has not been ruled on in state court prior to removal, Rule 26(f) and Rule 26(d) preclude such discovery from having any effect in federal court. *See Int'l Transp. Workers Fed'n v. Mi-Das Line SA*, No. 13-454, 2013 WL 1403329, at *4 n. 3 (E.D. La. Apr. 4, 2013); *see also Riley v. Walgreen Co.*, 233 F.R.D. 496, 499 (S.D. Tex. 2005) ("Nothing in the language of [Rule 26(d)] permits a party to continue to seek discovery which may have been properly served under state law rules pre-removal.").

The written discovery at issue was served in state court prior to removal. Interrogatories and requests for admission cannot be served under the Federal Rules of Civil Procedure until after the parties have engaged in a Rule 26(f) conference. *See* Rule 26(d).

Furthermore, Plaintiff raised no argument in support of a finding that the requests for production served under state procedural laws qualify as "Early Rule 34 Requests" pursuant to Rule 26(d)(2). Indeed, Rule 34(b)(2)(A) contemplates the time to respond to requests "delivered under Rule 26(d)(2)." Requests for Production cannot be "delivered under" the Federal Rules of Civil Procedure when the matter is not even in federal court.

The Federal Rules of Civil Procedure are clear and on point. The Court will not issue an order compelling compliance with written discovery that was not issued under the Federal Rules of Civil Procedure. Although the plaintiff may have relied on defense counsel's agreement to provide responses to the state court discovery in January, there is no explanation for waiting almost six months to seek those tardy responses. The Court also notes that responses have since been provided and any prejudice, therefore, is minimal.

### B.     The Rule 30(b)(6) Deposition of Ryder

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id*. "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).

The record indicates that Plaintiff did not serve a Rule 30(b)(6) deposition notice on Ryder prior to the close of discovery. Defendants represent that the draft deposition noticed attached to the instant Motion to Compel was the first notice that Plaintiff intended to take a Rule 30(b)(6) deposition of Ryder. (R. Doc. 12 at 7). Furthermore, Defendants represent that the discovery conference held on January 18, 2021 did not involve any discussion of a Rule 30(b)(6) deposition of Ryder.

The unsigned and undated draft Rule 30(b)(6) deposition notice submitted just hours before the close of discovery does not meet the basic requirements of Rule 30(b)(1) by providing "reasonable written notice" of the deposition or by stating the "time and place of the deposition." Fed. R. Civ. P. 30(b)(1). Even if Plaintiff had noticed a specific deposition time and place, the deposition would clearly have to take place after the discovery deadline and would, therefore, be untimely. *See* LR 26(d)(2) ("Discovery depositions must be completed before the discovery

4

deadline. Notices served before the discovery deadline which purport to schedule depositions after the discovery deadline will not be enforced.").

Finally, Plaintiff did not confer in good faith with respect to this deposition prior to filing the instant motion as required both by Rule 37(a)(1) and Rule 30(b)(6). *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Fed. R. Civ. P. 30(b)(6) ("Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.").

The Court will not compel the Rule 30(b)(6) deposition of Ryder. The Federal Rules of Civil Procedure and this Court's local rules are clear and on point. The Court does not reach the issue of whether any of the topics in the draft Rule 30(b)(6) deposition notice fall within the scope of discovery given the Defendants' stipulation of liability.

### C.     The Deposition of Todd Anderson

It does not appear that Plaintiff served an actual deposition notice with respect to Mr. Anderson in accordance with Rule 30(b)(1). The Court will not order the defendants to attend and/or provide dates of availability for a deposition in the absence of properly issued deposition notice as detailed by Rule 30(b)(1). *See Byrd v. Castlepoint Fla. Ins. Co.*, No. 15-634, 2016 WL 1559584, at *2 (M.D. La. Apr. 18, 2016) (collecting cases).

That said, there is no dispute that the parties discussed the issue of Mr. Anderson's deposition at their conference on January 18, 2021. While Plaintiff has clearly not acted with diligence in seeking to obtain this deposition, given that Mr. Anderson is the undisputed tortfeasor in this action, the Court will allow his deposition to proceed if still desired. While there

5

is no dispute with respect to liability, Mr. Anderson may provide testimony on other topics, including topics specifically excluded from Defendants' Stipulation, including "the mechanics of the accident, the events surrounding the accident, [and] the force of the impact at issue." (*See* R. Doc. 11 at 2).

### III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery Responses, Deposition of Defendant Anderson and Corporate Deposition of Ryder Truck Rental, Inc. (R. Doc. 10) is **GRANTED IN PART and DENIED IN PART**. Plaintiff may take the deposition of the defendant Todd Anderson within **30 days** of the date of this Order, or as otherwise agreed upon by the parties. All other relief is denied. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on September 28, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**